UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
MACK PETERS,                        )
                                    )
                Petitioner,         )
                                    )   Criminal Action
v.                                  )   No. 09-10247
                                    )
UNITED STATES OF AMERICA,           )
                                    )
                Respondent.         )
_____ )

**ORDER**

January 24, 2017

Saris, C.J.

In 2010, Mack Peters pleaded guilty to conspiracy to distribute heroin in violation of 21 U.S.C. § 846. The presentence report stated that Peters qualified as a career offender under U.S.S.G. § 4B1.1 based on (1) a 1999 Massachusetts conviction for assault and battery and assault with a dangerous weapon, (2) a 1999 Massachusetts conviction for resisting arrest, (3) a 2006 Massachusetts conviction for assault and battery, and (4) a 2007 Massachusetts conviction for possession with intent to distribute a class A substance, assault and battery on a police officer, and resisting arrest. As a career offender, Peters had a guideline sentencing range of

1

151 to 188 months. This Court varied downward and sentenced Peters to 144 months of imprisonment.

Peters seeks to vacate his sentence pursuant to 28 U.S.C. § 2255 on the basis that, following the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), he no longer qualifies as a career offender under the Sentencing Guidelines.

For the purpose of this motion, this Court assumes without deciding that Johnson invalidates the residual clause of the Sentencing Guidelines' career offender provision and does so retroactively.[1] This Court also assumes without deciding that the waiver of collateral attack set forth in Peters' plea agreement does not preclude this petition, contrary to the Government's view. Although the government does not concede that Peters' Massachusetts assault and battery and resisting arrest convictions no longer qualify as crimes of violence under U.S.S.G. § 4B1.2(a), the Court need not reach these questions. The career offender guideline still applies to Peters because he has two predicate offenses that are unaffected by Johnson.

Peters does not contest that his 2007 drug trafficking conviction is a predicate offense post-Johnson. Similarly,

---

[1] The Supreme Court recently granted certiorari and heard oral argument on this question. Beckles v. United States, 616 F. App'x 415 (11th Cir. 2015), cert. granted, 136 S. Ct. 2510 (June 27, 2016) (No. 15-8544).

Peters acknowledges that, under the law in this circuit, his 1999 Massachusetts conviction for assault with a dangerous weapon still qualifies as a predicate offense under the career offender provisions of the Sentencing Guidelines. After Johnson, as Peters states in his motion, see Docket No. 114 at 20-21, the First Circuit re-affirmed its pre-Johnson holding that a Massachusetts conviction for assault with a dangerous weapon is a violent felony for purposes of the Armed Career Criminal Act (ACCA). See United States v. Whindleton, 797 F.3d 105, 116 (1st Cir. 2015); see also United States v. Fields, 823 F.3d 20, 33-35 (1st Cir. 2016) (holding that Massachusetts' assault with a dangerous weapon remains a crime of violence under the career offender guideline after Johnson). Therefore, Peters continues to be subject to the career offender guideline.

Peters' motion (Docket No. 114) is **DENIED**.

/s/ PATTI B. SARIS
Patti B. Saris
Chief United States District Judge